## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

KIMBERLY A. D.,

      Plaintiff,

v.

                                 Case No. 21-CV-001-GKF-JFJ

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

      Defendant.

## OPINION AND ORDER

Before the court is the Report and Recommendation [Doc. 19] of United States Magistrate Judge Jodi F. Jayne reviewing the decision of the Commissioner of the Social Security Administration (SSA) to deny disability benefits to Kimberly A. Dudley. The Magistrate Judge recommends the case be dismissed without prejudice due to plaintiff's failure to file an opening brief. Plaintiff objects to the Report and Recommendation. [Doc. 20]. For the reasons set forth below, the court sustains plaintiff's objection [Doc. 20], respectfully rejects the Magistrate Judge's Report and Recommendation [Doc. 24], and remands the case to the Magistrate Judge for further proceedings consistent with this order.

### I.  Procedural Background

On December 1, 2018, Kimberly Dudley applied for supplemental social security income, alleging disability beginning August 1, 2018. The Social Security Administration (SSA) initially denied plaintiff's claim on February 8, 2019, and again upon reconsideration on May 24, 2019. Plaintiff filed a written request for hearing, and on March 9, 2020, a video hearing was held before Administrative Law Judge (ALJ) Lantz McClain. On March 30, 2020, the ALJ issued a written decision finding that plaintiff was not disabled as defined in the Social Security Act and

denying disability benefits.  [*See* Doc. 12-2, pp. 18-30].  On October 30, 2020, the SSA Appeals Council denied plaintiff's request for review.  [*Id.*, pp. 2-4].  Because the SSA Appeals Council denied plaintiff's request, the decision of the ALJ constitutes a final decision for purposes of this appeal.  *See* 20 C.F.R. §§ 404.981, 416.1481.

Plaintiff initiated this civil case on January 4, 2021.  [Doc. 2].  Magistrate Judge Jayne entered a scheduling order setting the deadline to file an opening brief on August 23, 2021.  [Doc. 13].  On September 13, 2021, after plaintiff missed the August 23, 2021 deadline, Judge Jayne entered an Order to Show Cause [Doc. 14].  On September 17, 2021, plaintiff responded to the order to show cause and requested until September 24, 2021, to file her opening brief.  [Doc. 15].  The court granted the extension.  [Docs. 16, 17].  Plaintiff failed to file an opening brief by the second deadline.  On October 19, 2021, the court, *sua sponte*, extended the deadline yet again and entered a minute order granting plaintiff until October 22, 2021 to file her opening brief.  [Doc. 18].  On October 28, 2021, after plaintiff failed to file an opening brief by the third deadline, Judge Jayne entered her Report and Recommendation that this case be dismissed without prejudice.  [Doc. 19].

On November 11, 2021, plaintiff filed an Objection to the Report and Recommendation.  [Doc. 20].  Plaintiff's counsel, Mr. White, explains that an unnamed staff attorney assigned to plaintiff's case contracted COVID-19 in early September and was out of the office from September 9, 2021 to October 25, 2021.  [*Id.*, p. 1].  According to Mr. White, the assigned staff attorney informed the firm that she would have the brief completed by the September 24, 2021 deadline.  [*Id.*].  However, her condition subsequently worsened, causing her to miss not only this deadline but deadlines in several other cases.  [*Id.*, p. 2].  Plaintiff's counsel alleges that the failure to timely file an opening brief in this case was due to the staff attorney's extended absence

and convalescence and requests the court set a fourth deadline for her to file an opening brief. [Doc. 20].

## II.  Standard of Review

Pursuant to Fed. R. Civ. P. 72(b)(3), the court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  In the disability benefits context, *de novo* review is limited to determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."  *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (quoting *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989)).  It is more than a scintilla, but less than a preponderance.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  On review, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2002) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

Under Fed. R. Civ. P. 6(b)(1)(B), extensions of time after a deadline has expired may be made, for good cause, on "motion after the time has expired if the party has failed to act because of excusable neglect."  "[A] finding of excusable neglect under Rule 6(b)(2) requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period."  *In re Four Seasons Secs. Laws Litig.*, 493 F.2d 1288, 1291 (10th Cir. 1974).  To determine whether the neglect is "excusable," the court must "tak[e] account of all relevant circumstances surrounding the party's

omission," including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993).   In this analysis, "clients must be held liable for the acts and omissions of their attorneys," *id.* at 396, and "an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect," *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017).   This analysis "'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"   *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (quoting *Pioneer Inv. Servs. Co.*, 507, U.S. at 395).

## III.  Analysis

The Report and Recommendation by Magistrate Judge Jayne recommended dismissal without prejudice due to plaintiff's failure to file an opening brief.  [Doc. 19].  Plaintiff's counsel missed three deadlines for filing the opening brief in this matter.  The court extended the deadline the first time when plaintiff's counsel responded to an order to show cause after the plaintiff missed the initial August 23, 2021, deadline.  Plaintiff's counsel requested and was given until September 24, 2021, to file the opening brief.  However, that deadline also came and went without any filing by plaintiff.  The court then *sua sponte* granted plaintiff an additional extension until October 22, 2021 to file an opening brief.  Plaintiff's counsel once again failed to comply with that deadline.  Plaintiff's counsel asserts that the failure to file an opening brief occurred due to an unnamed staff attorney's illness.   To determine whether plaintiff's justification for the missed deadlines constitutes excusable neglect, the court looks to the factors first laid out in *Pioneer*.  *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

4

The first factor outlined by the Supreme Court weighs slightly in favor of finding excusable neglect.  There is no apparent danger of prejudice to the nonmoving party, the Social Security Administration, created by plaintiff's delay in filing an opening brief.  As for the second factor, the three-month delay in filing an opening brief unduly slowed the judicial proceedings before the Magistrate Judge and diverted her attention from other pressing matters in this post-*McGirt* period during which this court is struggling with insufficient judicial resources.  The second factor therefore weighs slightly against a finding of excusable neglect.  The fourth *Pioneer* factor, good faith, provides no insight in this case because there is no evidence as to the good faith *or* lack thereof by plaintiff's counsel.

As for the third factor, in the Tenth Circuit, "'fault in the delay [i]s a very important factor—perhaps the most important single factor—in determining whether neglect is excusable.'"  *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994); *Jennings*, 394 F.3d at 856.  That said, "[a] mistake . . . could occur in any [attorney's] office, no matter how well run."  *Jennings*, 394 F.3d at 857.   This is why "[a] court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the mistake."  *Id.*

This is not an instance where a single mistake or oversight occurred.  Plaintiff's counsel missed the filing deadline three times.  After the first missed deadline, plaintiff's counsel took no action to remedy the issue until after the Magistrate Judge issued an order to show cause requiring a response.  After the second missed deadline, plaintiff's counsel took no action whatsoever, and the third deadline, reset *sua sponte* by the court, also passed without *any* action

by plaintiff's counsel.  Plaintiff's counsel acted only after Magistrate Judge Jayne recommended the case's dismissal due to counsel's failure to pursue this case.

Plaintiff's counsel attributed the first missed deadline to "staff calendaring issues" and the following two missed deadlines to an unidentified staff attorney's illness.  The Tenth Circuit recognizes that "[a] lawyer's medical problems or serious health challenges may be an adequate justification for delayed filings, and therefore can be sufficient for a finding of excusable neglect." *Perez*, 847 F.3d at 1253.  Here, however, the unidentified staff attorney is not counsel of record and has made no appearance in this case.  Plaintiff's counsel of record, Mr. White, has offered no reason why he failed to calendar the deadlines and seek extensions or prepare and file the opening brief himself.  Instead, he blames his support staff and an unnamed staff attorney.  Even prior to the staff attorney's illness, plaintiff's counsel missed the original deadline due to "staff calendaring errors."  [Doc. 19, p. 1].  And, while the unnamed staff attorney has a legitimate excuse, plaintiff's counsel of record does not.

Having considered the *Pioneer* factors, the court finds that plaintiff's counsel has not shown that his failure to file an opening brief constituted excusable neglect.  Dismissal without prejudice would generally be an appropriate sanction for counsel's inaction.  However, the court recognizes that this dismissal without prejudice could have the effect of a dismissal *with* prejudice due to the statute of limitations.  In such circumstances, courts consider whether dismissal would "'satisfy the interests of justice'" in light of:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918, 921 (10th Cir. 1992)).

First, there is no evidence that defendant has suffered any prejudice as a result of plaintiff's actions, outside of general inconvenience caused by continued delay in the case. The second factor, interference with judicial process, contemplates "the court's ability to manage its docket and move forward with the cases before it." *Davis*, 571 F.3d at 1062. Here, plaintiff's three failures to file an opening brief clearly interfered with the court's ability to manage its docket and move forward with this case. This factor weighs in favor of dismissal. As for the third factor, there is no indication that the litigant herself is culpable.

The fourth factor also weighs in favor of dismissal. Mr. White was expressly warned that his client's case was at risk of being dismissed. On September 13, 2021, the court advised counsel that the case would be dismissed if plaintiff did not show cause for failure to file an opening brief [Doc. 14]. Counsel was warned about the potential consequences of failure to file an opening brief, yet he failed to meet three successive deadlines to do so.

The final factor, the efficacy of lesser sanctions, weighs against dismissal and ultimately tips the scale in favor of plaintiff. A dismissal without prejudice in this case would likely have the effect of a dismissal *with* prejudice due to the applicable statute of limitations.

"Because dismissal with prejudice 'defeats altogether a litigant's right to access to the courts,' it should be used as 'a weapon of last, rather than first, resort.'" *Ehrenhaus*, 965 F.2d at 920. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.* at 921. Here, the court concludes that the aggravating factors—though significant—do not justify a dismissal that would function as a dismissal with prejudice.

That said, the court cannot ignore the conduct of plaintiff's counsel.  The court has the "inherent power to impose a variety of sanctions to regulate its docket, promote judicial efficiency and deter frivolous filings."  *Resolution Tr. Corp. v. Dabney*¸ 73 F.3d 262, 267 (10th Cir. 1995).  The Court also has "very broad" discretion in fashioning appropriate sanctions under Rule 16(f) for failure to comply with the scheduling orders of the court.  Fed. R. Civ. P. 16(f). "The primary purpose for sanctions in the Rule 16 context is to [e]nsure reasonable management requirements for case preparation, with the compensation of adversely affected parties serving [as] a secondary purpose for the imposition of sanctions."  *Estate of Costner v. Phillips Petroleum Co.*, 121 F.R.D. 690, 694 (W.D. Okla. 1988) (citing *In re Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)).  "If the fault lies with the attorneys, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  *Baker*, 744 F.2d at 1442.   Here, the court concludes that Mr. White—not his client— must bear the consequences for his three failures to comply with the court's deadlines.

In *Baker*, 744 F.2d at 1441, the Tenth Circuit approved sanctions for a counsel's failure to meet scheduling order deadlines, noting that "we are dealing with the matter most critical to the court itself: management of its docket and evidence of unnecessary burdens on the tax-supported court, opposing parties or both."  "In managing and controlling its ever-increasing caseload, [a] Court has the inherent and statutory power, and mandatory duty to sanction [a] defaulting party or attorney." *Costner*, 121 F.R.D. at 694.  A court may also impose a monetary sanction to account for its own time expended in dealing with unnecessary matters.  *Royalty Petroleum Co. v. Arkla, Inc.*, 129 F.R.D. 674, 685 (W.D. Okla. 1990).

Mr. White, through his repeated failures to calendar and abide by the Magistrate Judge's deadlines, has demonstrated a pattern of disregard for court's time and protection of his own

client's interests.  "Pursuant to Fed. R. Civ. P. 16(f)[,] sanctions are appropriate for such conduct because . . . , sanctions are a more appropriate remedy than is dismissal or the entry of judgment."  *Mulkey v. Meridian Oil, Inc.*, 143 F.R.D. 257, 262 (W.D. Okla. 1992).   Like the court in *Mulkey*, this court "believes plaintiff's counsel's conduct has 'unnecessarily required the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures.'"  *Id.*   Accordingly, the court finds and concludes that the following sanctions should be imposed.

First, plaintiff's counsel of record is hereby sanctioned $1,500.00 payable to the Tulsa County Bar Foundation.  Counsel shall file, on or before December 31, 2021, a receipt of that donation on the docket in this case.

Second, Mr. White's contends that the missed deadlines occurred due to a combination of calendaring errors by his staff and lack of communication between Mr. White, as counsel of record, and the staff attorneys he employs.  Therefore, on or before December 31, 2021, Mr. White is hereby ordered complete the one-hour Continuing Legal Education course entitled "Task, Goal & Deadline Management: How to Better Manage Your Workload," offered by the Oklahoma Bar Association, and shall file his CLE certificate of completion on the docket in this case.

These sanctions shall be suffered by counsel of record and shall not be in any way or form shifted to plaintiff, either as a cost, expense, additional attorney fee, or reduction in any potential recovery.

## IV.  Conclusion

WHEREFORE, the court sustains plaintiff's objection [Doc. 20] and respectfully rejects the Magistrate Judge's Report and Recommendation to dismiss this case [Doc. 19].

IT IS ORDERED that this case shall not proceed until such time as plaintiff's counsel of record has complied with the sanctions set forth above.  In the event plaintiff's counsel of record takes issue with the sanctions set forth above, he shall file, on or before December 2, 2021, a document showing cause why the sanctions ought not be imposed.  In the event plaintiff's counsel fulfills the sanctions, plaintiff shall file her opening brief on or before January 19, 2022.

IT IS SO ORDERED this 19th day of November, 2021.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE